E-FILED
Wednesday, 04 October, 2017  03:20:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL S. WHITLOW, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRADLEY UNIVERSITY, ) <br> ) <br> Defendant. ) | Case No. 1:16-cv-01223-JBM-JEH |

## ORDER & OPINION

This matter is before the Court on Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 25). For the reasons discussed below, Plaintiff's motion is DENIED.

### BACKGROUND

On June 20, 2016, Plaintiff Michael S. Whitlow filed a complaint against his employer Bradley University ("Bradley"). Whitlow brought one claim of hostile workplace environment, four claims of retaliation, and one claim of gender discrimination all in violation of 42 U.S.C. § 2000(e)-2(a)(1). (Doc. 1). On August 22, 2016, Bradley filed a motion to dismiss all of Plaintiff's claims for failing to state a claim upon which relief could be granted. (Docs. 12, 13).

On February 8, 2017, the Court granted Bradley's motion, (Doc. 15), finding that Plaintiff had failed to state a claim for any of his six claims. However, the Court granted Plaintiff leave to amend his hostile work environment and Title VII gender discrimination claims.

On February 23, 2017, Plaintiff filed an amended complaint asserting two claims: hostile work environment and gender discrimination in violation of 42 U.S.C. § 2000(e)-2(a)(1). (Doc. 16).

On March 9, 2017, Bradley filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief could be granted. (Docs. 18, 19).

On August 15, 2017, the Court granted Bradley's motion and dismissed Whitlow's claims with prejudice. (Doc. 23). As to Whitlow's hostile work environment claim, the Court held that (1) Plaintiff failed to plead sufficient factual allegations beyond speculation that the discrimination he faced was based on his gender; (2) Plaintiff failed to plead sufficient factual allegations beyond speculation that the alleged discrimination was objectively hostile; and (3) Plaintiff failed to plead sufficient factual allegations beyond speculation that the discrimination was severe or pervasive. *Id.* at 8. As to Whitlow's gender discrimination claim under Title VII, the Court held that Plaintiff failed to state sufficient facts to raise his allegations above speculation. *Id.* at 19.

On September 9, 2017, Whitlow filed the instant Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). He argues that the Court should have recused itself pursuant to 28 U.S.C. § 455(a) because of its prior relationship with Bradley. On September 25, 2017, Bradley filed its response and this matter is now ripe for decision.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 60(b) enumerates certain circumstances under which "the court may relieve a party" "from a final judgment, order, or proceeding". FED. R. CIV. P. 60(b). Whitlow brings this Rule 60(b) motion under the Rule's catchall category, subdivision (b)(6), which permits a court to reopen a judgment for "any other reason that justifies relief." Rule 60(b) vests wide discretion in courts, but relief under subdivision (b)(6) is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S.Ct. 759, 777-78 (2017).

28 U.S.C. § 455 provides in relevant part: "(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865, 108 S.Ct. 2194, 2205, 100 L.Ed.2d 855 (1988); *New York City Housing Develop. Co. v. Hart*, 796 F.2d 976 (7th Cir.1986); *Pepsico, Inc. v. McMillen*, 764 F.2d 458 (7th Cir.1985). An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person.... Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons.

*In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990).

Rule 60(b)(6) relief is neither categorically available nor categorically unavailable for all § 455(a) violations. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). In determining whether a judgment should be vacated for a violation of § 455(a), "it is appropriate to consider the risk of injustice to the parties

in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.*

## DISCUSSION

In support of his argument that the Court should have recused itself, Whitlow alleges that (1) Judge McDade is a member of Bradley's Centurion Society, an elite society that recognizes Bradley alumni; (2) Judge McDade is considered a distinguished alumnus on Bradley's website; (3) Judge McDade is quoted and mentioned in one article from 2014 concerning Bradley; (4) Judge McDade recused himself from three prior cases in 1999, 2000, and 2010, all in which Bradley was a party; (5) Judge McDade gave the keynote address at Bradley's graduation in 2013; (6) Judge McDade celebrated Bradley's 65th anniversary of its psychology department; (7) Judge McDade networked with Bradley's president in 2014; and (8) Judge McDade networked with Chief Judge James Shadid, also a Bradley alumnus, at the citizenship event at Bradley's Renaissance Coliseum in 2015. (Doc. 25 at 1-3).

Section 455(a) does not require recusal for minimal alumni contacts. *See In re Complaint of Judicial Misconduct*, 816 F.3d 1266, 1267 (9th Cir. 2016) (no abuse of discretion for failure to recuse where judge graduated from defendant university, served on the board of its alumni association, served as an adjunct professor, and received two honorary awards from the university); *U.S. ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998) (no abuse of discretion for failure to recuse when judge was alumnus of defendant's law school, a member of the law school's alumni association, and he contributed $250 annually to the alumni association); *Lunde v. Helms,* 29 F.3d 367, 370–71 (8th Cir.1994) (no abuse of

discretion for failure to recuse when judge was alumnus of defendant-university's law school, made financial contributions to an alumni organization, and had presented education programs at the university); *Wu v. Thomas,* 996 F.2d 271, 274–75 & n. 7 (11th Cir.1993) (per curiam) (no abuse of discretion for failure to recuse when judge was alumnus of defendant-university, served as unpaid adjunct professor who offered internships for the university's law students, gave the university a yearly donation for football tickets, and planned to create scholarship at the university); *Easley v. Univ. of Mich. Bd. of Regents,* 906 F.2d 1143, 1145–46 (6th Cir.1990) (no abuse of discretion for failure to recuse when judge was alumnus of defendant-law school and member of law school alumni social organization). Furthermore, Whitlow worked as a full-time Senior Network Analyst in the Computing Services Department at Bradley. (Doc. 1 at 3). Judge McDade received from Bradley a Bachelor of Science degree in Economics in 1959 and a Master of Science in Psychology in 1960. Considering the nature of the Court's relationship with the defendant, there is no reasonable question as to the Court's ability to be impartial in this case. As there was clearly no violation of § 455(a) in this case, relief under Rule 60 is unwarranted.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 25) is DENIED. Entered this 4th day of October, 2017.

                                                        s/ Joe B. McDade
                                                       JOE BILLY McDADE
                                                       United States Senior District Judge